UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ARANA,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>         Defendant. | NO. SACV 06-00950 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff seeks review of Defendant's decision denying her disability benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip.") filed on July 2, 2007. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

|   |   |   |
|---|---|---|
|   | | found disabled.  If not, proceed to step four. |
|   | (4) | Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five. |
|   | (5) | Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. § 404.1520(a)(4).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(g). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 404.1545(a).

P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable, and the ALJ must take the testimony of a vocational expert.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

In his decision, the ALJ noted that the Appeals Council, following its review of the ALJ's prior decision, found that Plaintiff was entitled to a period of disability and to disability insurance benefits beginning on November 1, 1999 through December 31, 2000.  (AR 27).  Plaintiff's case was remanded by the Appeals Council to the ALJ for the ALJ to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, from the period January 1, 2001 to the present.  (AR 350).  The Appeals Council directed the ALJ to ask the vocational expert whether claimant has the residual functional capacity to perform his past relevant work (as a roofer) or any other work which exists in the national economy.  (Id.).  The Appeals Council further directed the ALJ to ask the VE to determine if the claimant's light residual functional capacity with a sit/stand option would allow him to perform his part relevant work.  If not, the vocational expert was to determine whether the claimant's past relevant work required skills and if these skills would transfer to other jobs.  Finally, before relying on the VE evidence, the ALJ was required to identify and resolve any conflicts between the expert testimony, the DOT and the Selected Characteristics of Occupations.

(Id.). The ALJ found that Plaintiff suffers from the severe impairments of status post fusion of the lumbosacral spine with residual low back pain, cervical spondylosis, diabetes mellitus with diabetic neuropathy and retinopathy and cataracts resulting in mild loss of vision and hypertension. (AR 28). The ALJ found that the Plaintiff's allegations regarding his pain and limitations were not totally credible. (Id.). The ALJ found that Plaintiff has the residual functional capacity ("RFC") for light work with the ability to lift and carry 25 pounds occasionally and ten pounds frequently, sit for six hours and stand/walk for six hours out of an eight hour day with occasional pushing and pulling of arm and leg controls and occasional squatting and stooping except for no walking on uneven surfaces, working at unprotected heights or around hazardous equipment. (Id.). Plaintiff was not capable of returning to his past relevant work as a roofer, but based upon the testimony of the VE, the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform. As such, the ALJ determined that Plaintiff was not under a "disability" as defined in the Social Security Act. (Id.).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Plaintiff raises three challenges to the ALJ's decision. First, he contends that the ALJ erred in his analysis of the medical evidence. Subsumed within this challenge to the ALJ's decision are Plaintiff's contentions that (1) the ALJ failed to analyze the effect of Plaintiff's vision impairment on his RFC (Jt. Stip. at 4); (2) the ALJ failed to consider all the record evidence concerning Plaintiff's orthopedic impairment (Jt. Stip. at 4-5) and (3) the ALJ failed to consider the opinion of Dr. Richard Polin, who appears to be a non-examining expert retained by the Appeals Council to evaluate the medical evidence. (AR 449). Plaintiff also asserts that the ALJ failed to properly assess his subjective complaints. (Jt. Stip. at 10). Finally, Plaintiff complains that the ALJ failed to fully comply with the Appeals Council's

directions on remand. (Jt. Stip. at 13). The Court agrees with Plaintiff's first and second contentions and therefore remands the case for further proceedings consistent with this decision.

> **A. The ALJ Failed To Properly Consider All The Relevant Medical Evidence and, In Particular, Failed to Address How Plaintiff' Vision Impairment and Continuing Orthopedic Impairments Impacted His RFC**

The ALJ's decision makes a brief comment regarding Plaintiff's visual impairment: "The claimant has a history of vitreous hemorrhaging in his eye, but a treating physician reports that his situation is stable. [citation omitted]. While there is some mild vision loss, the claimant is not so disabled that he is unable to perform ordinary activities of daily living." (AR 25). This short summary overlooks extensive treating records that document a more serious eye condition.

As of January 2001, Plaintiff suffered a significant vitreous hemorrhage in both eyes, particularly the left. In January 2001, Plaintiff underwent surgery for a vitreous hemorrhage in his left eye. (AR 174). On May 8, 2001, he underwent surgery for the hemorrhage in his right eye. Although his vision improved from the significant hemorrhage state, as of 2002, Plaintiff still suffered from extremely poor vision in his left eye. (AR 296). Plaintiff underwent an examination with Dr. Joseph Kerendian on December 22, 2002. Dr. Kerendian diagnosed Plaintiff with 1) Proliferative Diabetic Retinopathy 2) Cataracts, 3) Optic Atrophy OS>OD and 4) Visual Field Contraction

Secondary to Optic Atrophy. (AR 439). The prognosis is listed as "Guarded." (Id.). In Plaintiff's disability application, he lists "eye illness," as one of the reasons he cannot work. (AR 84). He later states that he has trouble reading because of his vision. (AR 97).

Other than the ALJ's brief reference to "mild vision problems," the ALJ failed to consider the medical evidence concerning Plaintiff's vision problems and whether Plaintiff's vision problems would impact his RFC. In the hypothetical to the VE, the ALJ fails to mention any limitations imposed on Plaintiff as a result of his vision problems. This was error. On remand, the ALJ must consider the medical evidence of Plaintiff's vision problems and, if necessary, retain the services of a medical expert to evaluate the limitations imposed, if any, on Plaintiff as a result of his vision condition. Furthermore, the ALJ must present a hypothetical to a VE that takes into consideration all of Plaintiff's limitations, including Plaintiff's visual limitations.

The ALJ also failed to consider all the medical evidence concerning Plaintiff's orthopaedic problems. Plaintiff testified that "the surgery to [his] back hasn't healed well" and that he has a "broken screw" in his back that his doctor intends to remove. (AR 622). On November 11, 2002, Plaintiff underwent x-rays and an examination by Dr. Albert Simpkins of the Orthopaedic Medical Group of Santa Ana. (AR 419-429). The x-ray showed screws spanning the L4, L5 and S1 areas. One of the sacral screws is fractured at the base. The X-ray also revealed a collapse of the intevertebral body space with an interference screw anteriorly at L4-5. (AR 427). Dr. Simpkins diagnosed Plaintiff with cervical spondylosis with possible radiculopathy and status post

anterior posterior fusion, lumbar spine, with failed hardware.  (Id.). Plaintiff underwent extensive pain management with Dr. Grabow, beginning on August 11, 2003.  Drs. Simpkins, Sharma and Nejad all concluded that Plaintiff was disabled.  (AR 26).  The ALJ rejected these opinions as conclusory.  The ALJ, however, failed to provide specific and legitimate reasons for rejecting these opinions.  They were not conclusory, but instead were based upon objective medical evidence, such as x-rays of the Plaintiff's back.  The ALJ's rejection of these doctors' opinions without specific and legitimate reasons was error.  See Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).  Remand is required on this basis as well.

Upon remand, the ALJ must address the critical medical evidence in the record.  If the ALJ rejects any treating physicians' opinions, he must provide specific, legitimate reasons supported by substantial evidence.  If he continues to reject Dr. Polin's opinion, but that opinion is consistent with the findings of the treating physicians, then the ALJ must provide legitimate reasons for rejecting Dr. Polin's opinion as well, based upon substantial evidence in the record.

**B.  The ALJ Failed To Provide Clear and Convincing Reasons For Rejecting Plaintiff's Credibility**

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir.

1990)(implicit finding that claimant was not credible is insufficient). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." <u>Lester</u>, 81 F.3d at 834. As long as plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).

The ALJ failed to provide clear and convincing reasons to reject Plaintiff's credibility. The ALJ found that Plaintiff's symptoms are stable on medications and that the neuropathic pain in his extremities is under control. In addition, the ALJ found that Plaintiff's treatment has been "conservative." The Court disagrees. First, there is substantial evidence in the record that Plaintiff's pain was <u>not</u> under control. Because he was in continuing pain, he was motivated to seek professional pain management care. Plaintiff was seen in the pain management clinic for many months. Thus, the medical evidence does not confirm that his condition was "under control." Furthermore, it appears that future surgery was recommended to correct the broken screw in Plaintiff's back. Surgery is not normally characterized as "conservative treatment." As these are not "clear and convincing reasons" for rejecting Plaintiff's subjective complaints, remand is required. Upon remand, the ALJ must reconsider Plaintiff's subjective pain testimony in light of the entire record and if his testimony is rejected, he must provide clear and convincing reasons that are consistent with the record.

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings consistent with this decision. The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 17, 2007

/s/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."